**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.A., a minor, by and through her Next Friend, TAMONIQUE GRADY, and K.A., a minor, by and through her Next Friend, TAMONIQUE GRADY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:15-CV-523 |
| CITY OF FLORISSANT, MISSOURI, ST. LOUIS COUNTY, MISSOURI, ANDREW GERWITZ, *in his individual capacity*, JOSHUA SMITH, *in his individual capacity*, TOM LASATER, *in his individual capacity*, JOE PERCICH, *in his individual capacity*, PATRICK HOKAMP, *in his individual capacity*, and CHRIS MOST, *in his individual capacity*, | ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## PLAINTIFFS' COMPLAINT

COMES NOW Plaintiffs A.A. and K.A. (hereinafter the "Plaintiffs"), by and through their attorney and Next Friend, Tamonique Grady (hereinafter "Grady"), and for their Complaint against Defendant City of Florissant, Missouri (hereinafter "Defendant City of Florissant"), Defendant St. Louis County, Missouri (hereinafter "Defendant St. Louis County"), Defendant Andrew Gerwitz (hereinafter "Defendant Gerwitz"), Defendant Joshua Smith (hereinafter "Defendant Smith"), Defendant Tom Lasater (hereinafter "Defendant Lasater"), Defendant Joe Percich (hereinafter "Defendant Percich"), Defendant Patrick Hokamp (hereinafter "Defendant Hokamp") and Defendant Chris Most (hereinafter "Defendant Most") and respectfully states to this Honorable Court the following:

1.      This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of

recovery for deprivations of civil rights and for state law claims against all Defendants.

2.     Plaintiffs sue Defendant Gerwitz in his individual capacity.

3.     Plaintiffs sue Defendant Smith in his individual capacity.

4.     Plaintiffs sue Defendant Lasater in his individual capacity.

5.     Plaintiffs sue Defendant Percich in his individual capacity.

6.     Plaintiffs sue Defendant Hokamp in his individual capacity.

7.     Plaintiffs sue Defendant Most in his individual capacity.

8.     Plaintiff A.A. is a minor and daughter of Afolabi "Alan" Abayomi ("Decedent Abayomi").

9.     Plaintiff A.A.'s natural mother is Tamonique Grady.

10.    Plaintiff K.A. is a minor and daughter of Decedent Abayomi.

11.    Plaintiff K.A.'s natural mother is Tamonique Grady.

12.    Tamonique Grady is the former spouse of Decedent Abayomi.

13.    Plaintiffs A.A. and K.A. bring this suit for the injuries sustained by Decedent Abayomi, who is now deceased, as a result of the Constitutional violations as alleged herein[1].

## JURISDICTION

14.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3).

15.    The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

## VENUE

16.    Venue is proper under 28 U.S.C. § 1391(b).

17.    Defendant City of Florissant is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

---

[1] Andrews v. Neer, 253 F.3d 1052, 1056-57 (8th Cir. 2001).

18.     Defendant St. Louis County is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

19.     Defendant Gerwitz, at all times relevant herein, was a Florissant police officer working under the direction and control of Defendant City of Florissant.

20.     Defendant Smith, at all times relevant herein, was a Florissant police officer working under the direction and control of Defendant City of Florissant.

21.     Defendant Lasater, at all times relevant herein, was a St. Louis County detective working under the direction and control of Defendant St. Louis County.

22.     Defendant Percich, at all times relevant herein, was a St. Louis County detective working under the direction and control of Defendant St. Louis County.

23.     Defendant Hokamp, at all times relevant herein, was a St. Louis County detective working under the direction and control of Defendant St. Louis County.

24.     Defendant Most, at all times relevant herein, was a St. Louis County detective working under the direction and control of Defendant St. Louis County.

## COLOR OF STATE LAW

25.     At all relevant times, Defendant Gerwitz acted under color of state law.

26.     Particularly, Defendant Gerwitz acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

27.     At all relevant times, Defendant Smith acted under color of state law.

28.     Particularly, Defendant Smith acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

29.     At all relevant times, Defendant Lasater acted under color of state law.

30.     Particularly, Defendant Lasater acted under color of the laws, statutes, ordinances,

regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

31.     At all relevant times, Defendant Percich acted under color of state law.

32.     Particularly, Defendant Percich acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

33.     At all relevant times, Defendant Hokamp acted under color of state law.

34.     Particularly, Defendant Hokamp acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

35.     At all relevant times, Defendant Most acted under color of state law.

36.     Particularly, Defendant Most acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

**Waiver of Sovereign Immunity**

37.     At the relevant time, Defendant City of Florissant had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

38.     The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of Florissant[2].

39.     At the relevant time, Defendant St. Louis County had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by county employees engaged in government functions, including torts as described herein.

40.     The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant St. Louis County[3].

**FACTUAL BACKGROUND**

41.     On October 11, 2012, a Judgment was entered in the St. Louis County Circuit Court

---

[2] RSMo. § 71.185 and/or § 537.610.
[3] RSMo. § 71.185 and/or § 537.610.

dissolving the marriage of Decedent Abayomi and Grady.

42.     A.A. and K.A. were the only two children born unto Decedent Abayomi and Grady.

43.     On October 20, 2013, Decedent Abayomi was residing at 10168 Winkler Dr., St. Louis, MO 63136.

44.     On October 20, 2013, Grady was residing at 19 Regina Ct., Florissant, MO 63031.

## At 19 Regina Ct.

45.     In the morning of October 20, 2013, Grady contacted the police to report a disturbance with Decedent Abayomi at Grady's residence.

46.     Defendant Gerwitz and Officer Nick Osmer (hereinafter "Officer Osmer") of the Florissant Police Department responded to Grady's call at 19 Regina Ct., Florissant, MO 63031.

47.     Decedent Abayomi had left Grady's residence prior to the arrival of Defendant Gerwitz and Officer Osmer.

48.     Defendant Gerwitz and Officer Osmer met with Grady and discussed the occurrence at Grady's residence.

49.     Defendant Gerwitz and Officer Osmer then left Grady's residence.

50.     Defendant Gerwitz then placed a wanted out for Decedent Abayomi on charges Trespassing

51.     Defendant Gerwitz asked his supervisor for permission to attempt to arrest Decedent Abayomi at his residence because Decedent Abayomi's residence was outside of Florissant's jurisdictional territory and in unincorporated St. Louis County.

52.     Permission was granted and Defendant Gerwitz and Defendant Smith proceeded to Decedent Abayomi's residence at 10168 Winkler Dr., St. Louis, MO 63136.

**At 10168 Winkler Dr.**

53.      Defendant Gerwitz parked his vehicle in front Decedent Abayomi's residence.

54.      Decedent Abayomi's vehicle was parked in front of his residence in the driveway and facing the street.

55.      Defendant Smith parked his vehicle in front Decedent Abayomi's residence on the driveway in front of Decedent Abayomi's vehicle.

56.      Defendant Gerwitz exited his vehicle first.

57.      Defendant Smith exited his vehicle after Defendant Gerwitz exited his vehicle.

58.      When Defendant Gerwitz and Defendant Smith arrived at Decedent Abayomi's residence, Decedent Abayomi was seated in the driver seat of his vehicle.

59.      Defendant Gerwitz and Defendant Smith both drew their weapons.

60.      Defendant Gerwitz first fired shots at Decedent Abayomi.

61.      After Defendant Gerwitz fired shots, Defendant Smith fired shots at Decedent Abayomi.

62.      Decedent Abayomi was pronounced deceased at the scene by paramedics.

63.      Decedent Abayomi was an African-American male.

64.      Defendant Gerwitz is a Caucasian male.

65.      Defendant Smith is a Caucasian male.

**Search of 10168 Winkler Dr.**

66.      Decedent Abayomi's residence at 10168 Winkler Dr., St. Louis, MO 63136 was owned by Decedent Abayomi and only Decedent Abayomi lived at said residence.

67.      Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most knew that Decedent Abayomi's residence at 10168 Winkler Dr., St. Louis, MO 63136 was owned

6

only by Decedent Abayomi and only Decedent Abayomi lived at said residence.

68.     Despite this knowledge, Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most searched Decedent Abayomi's residence at 10168 Winkler Dr., St. Louis, MO 63136 without consent and without probable cause or a warrant.

69.     Further, Defendant Hokamp and Defendant Most seized a gun case and bullets from Decedent Abayomi's residence at 10168 Winkler Dr., St. Louis, MO 63136.

70.     Detective Rodesiler and Detective Moore later obtained St. Louis County Police Department Consent to Search Form F-176 signed by Lashaundra Bowdy (hereinafter "Bowdy") for 10168 Winkler Drive.

71.     However, at the time of the incident subject to this case, Bowdy was Decedent Abayomi's girlfriend, had no ownership interest in Decedent Abayomi's residence at 10168 Winkler Dr., St. Louis, MO 63136 and was not living at Decedent Abayomi's residence.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE**
**42 U.S.C. § 1983 AND FOURTH AMENDMENT**
**AGAINST DEFENDANT ANDREW GERWITZ AND DEFENDANT JOSHUA SMITH**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

72.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

73.     Defendant Gerwitz  used excessive and unreasonable force when he shot Decedent Abayomi.

74.     Defendant Smith  used excessive and unreasonable force when he shot Decedent Abayomi.

75.     The right to be free from excessive force is clearly established[4].

76.     At the time of the use of excessive force by Defendant Gerwitz, Decedent Abayomi had not committed a serious crime.

---

[4] Howard v. Kansas City Police Dept., 570 F.3d 984, 991 (8th Cir. 2009).

77.     At the time of the use of excessive force by Defendant Smith, Decedent Abayomi had not committed a serious crime.

78.     At the time of the use of excessive force by Defendant Gerwitz and Defendant Smith, Decedent Abayomi presented no threat to the safety of the officers or others.

79.     At the time of the use of excessive force by Defendant Gerwitz and Defendant Smith, Decedent Abayomi was not actively resisting arrest.

80.     At the time of the use of excessive force by Defendant Gerwitz and Defendant Smith, Decedent Abayomi was not attempting to evade arrest by flight[5].

81.     Defendant Gerwitz  used greater force than was necessary in light of the facts and circumstances confronting him[6].

82.     Defendant Smith used greater force than was necessary in light of the facts and circumstances confronting him[7].

83.     Defendant Gerwitz  acted in a manner, which was objectively unreasonable.

84.     Defendant Smith acted in a manner, which was objectively unreasonable.

85.     A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[8].

86.     This case is not in a "hazy border", but is unequivocal[9].

87.     The actions of Defendant Gerwitz violated Decedent Abayomi's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be safe from the use of excessive force[10].

88.     The actions of Defendant Smith violated Decedent Abayomi's civil rights under the

---

[5] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).
[6] Id.
[7] Id.
[8] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).
[9] Saucier v. Katz, 533 U.S. 194, 206 (2001).
[10] McGruder v. Heagwood, 197 F.3d 918, 919 (8th Cir. 1999).

Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be safe from the use of excessive force[11].

## Compensatory Damages

89.     Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Gerwitz, in his individual capacity.

90.     Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Smith, in his individual capacity.

## Punitive Damages

91.     Defendant Gerwitz' actions against Decedent Abayomi were reckless.

92.     Defendant Gerwitz' actions against Decedent Abayomi showed callous indifference toward the rights of Decedent Abayomi.

93.     Defendant Gerwitz' actions against Decedent Abayomi were taken in the face of a perceived risk that the actions would violate federal law.

94.     Defendant Smith's actions against Decedent Abayomi were reckless.

95.     Defendant Smith's actions against Decedent Abayomi showed callous indifference toward the rights of Decedent Abayomi.

96.     Defendant Smith's actions against Decedent Abayomi were taken in the face of a perceived risk that the actions would violate federal law.

97.     Plaintiffs are entitled to an award of punitive damages against Defendant Gerwitz, in his individual capacity, in order to punish him and to deter others.

98.     Plaintiffs are entitled to an award of punitive damages against Defendant Smith, in his individual capacity, in order to punish him and to deter others.

---

[11] Id.

**Attorney's Fees**

99.      Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Andrew Gerwitz in his individual capacity for compensatory damages in a fair and reasonable amount, Defendant Joshua Smith in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**
**AND FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE**
**AGAINST DEFENDANT TOM LASATER, DEFENDANT JOE PERCICH,**
**DEFENDANT PATRICK HOKAMP AND DEFENDANT CHRIS MOST**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

100.      Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

101.      Defendant Lasater's search of Decedent Abayomi's home violated Decedent Abayomi's rights under the Fourth Amendment.

102.      Defendant Percich's search of Decedent Abayomi's home violated Decedent Abayomi's rights under the Fourth Amendment.

103.      Defendant Hokamp's search of Decedent Abayomi's home violated Decedent Abayomi's rights under the Fourth Amendment.

104.      Defendant Most's search of Decedent Abayomi's home violated Decedent Abayomi's rights under the Fourth Amendment.

105.      Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most

searched Decedent Abayomi's home without a warrant.

106.   Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most did not have consent to search Decedent Abayomi's home.

107.   Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most did not have probable cause and no exigent circumstances existed to search Decedent Abayomi's home.

108.   Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most's search of Decedent Abayomi's home was objectively unreasonable.

109.   Defendant Hokamp and Defendant Most's seizure of a gun case and bullets from Decedent Abayomi's residence was objectively unreasonable.

110.   Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most's search and seizure was conducted to protect Defendant Gerwitz and Defendant Smith.

111.   Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most's search and seizure was conducted in an effort to place blame of Decedent Abayomi's death on Decedent Abayomi.

112.   The right not to be subjected to warrantless searches and seizures from Decedent Abayomi's home is clearly established[12].

**Compensatory Damages**

113.   Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Lasater in his individual capacity.

114.   Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Percich in his individual capacity.

115.   Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Hokamp in his individual capacity.

---

[12] Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998).

116.    Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Most in his individual capacity.

**Punitive Damages**

117.    Defendant Lasater's actions were:

      a.      Reckless;

      b.      Showed callous indifference toward the rights of Decedent Abayomi; and

      c.      Were taken in the face of a perceived risk that the actions would violate federal law.

118.    Plaintiffs are entitled to an award of punitive damages against Defendant Lasater in his individual capacity, in order to punish him and to deter others.

119.    Defendant Percich's actions were:

      a.      Reckless;

      b.      Showed callous indifference toward the rights of Decedent Abayomi; and

      c.      Were taken in the face of a perceived risk that the actions would violate federal law.

120.    Plaintiffs are entitled to an award of punitive damages against Defendant Percich in his individual capacity, in order to punish him and to deter others.

121.    Defendant Hokamp's actions were:

      a.      Reckless;

      b.      Showed callous indifference toward the rights of Decedent Abayomi; and

      c.      Were taken in the face of a perceived risk that the actions would violate federal law.

122.    Plaintiffs are entitled to an award of punitive damages against Defendant Hokamp in his individual capacity, in order to punish him and to deter others.

123. Defendant Most's actions were:

    a. Reckless;

    b. Showed callous indifference toward the rights of Decedent Abayomi; and

    c. Were taken in the face of a perceived risk that the actions would violate federal law.

124. Plaintiffs are entitled to an award of punitive damages against Defendant Most in his individual capacity, in order to punish him and to deter others.

**Attorney's Fees**

125. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Lasater in his individual capacity, Defendant Percich in his individual capacity, Defendant Hokamp in his individual capacity, Defendant Most in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS – CONSPIRACY**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT**
**AGAINST DEFENDANT TOM LASATER, DEFENDANT JOE PERCICH,**
**DEFENDANT PATRICK HOKAMP AND DEFENDANT CHRIS MOST**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

126. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

127. Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most acted in concert in their illegal search and seizure of Decedent Abayomi's home.

128.     Defendant Lasater, Defendant Percich, Defendant Hokamp and Defendant Most had a meeting of the minds to achieve the conspiracy's objectives in the illegal search and seizure of Decedent Abayomi's home [13].

129.     Decedent Abayomi was injured by his home being illegally search and items being seized illegally from his home.

### Compensatory Damages

130.     Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Lasater in his individual capacity.

131.     Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Percich in his individual capacity.

132.     Under 42 U.S.C. § 1983 Plaintiffs are entitled to an award of compensatory damages against Defendant Hokamp in his individual capacity.

133.     Under 42 U.S.C. § 1983 Plaintiffs are entitled to an award of compensatory damages against Defendant Most in his individual capacity.

### Punitive Damages

134.     Defendant Lasater's actions were:

    a.     Reckless;

    b.     Showed callous indifference toward the rights of Decedent Abayomi; and

    c.     Were taken in the face of a perceived risk that the actions would violate federal law.

135.     Plaintiffs are entitled to an award of punitive damages against Defendant Lasater in his individual capacity, in order to punish him and to deter others.

136.     Defendant Percich's actions were:

---

[13] Hampton v. Hanrahan, 600 F.2d 600, 620-24 (7th Cir. 1979), *cert. granted in part, judgment rev'd in part on other grounds*, 446 U.S. 754, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980).

        a.       Reckless;

        b.       Showed callous indifference toward the rights of Decedent Abayomi; and

        c.       Were taken in the face of a perceived risk that the actions would violate federal law.

137.    Plaintiffs are entitled to an award of punitive damages against Defendant Percich in his individual capacity, in order to punish him and to deter others.

138.    Defendant Hokamp's actions were:

        a.       Reckless;

        b.       Showed callous indifference toward the rights of Decedent Abayomi; and

        c.       Were taken in the face of a perceived risk that the actions would violate federal law.

139.    Plaintiffs are entitled to an award of punitive damages against Defendant Hokamp in his individual capacity, in order to punish him and to deter others.

140.    Defendant Most's actions were:

        a.       Reckless;

        b.       Showed callous indifference toward the rights of Decedent Abayomi; and

        c.       Were taken in the face of a perceived risk that the actions would violate federal law.

141.    Plaintiffs are entitled to an award of punitive damages against Defendant Most in his individual capacity, in order to punish him and to deter others.

### Attorney's Fees

142.    Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Lasater in his individual capacity, Defendant Percich in his individual capacity, Defendant Hokamp in his individual capacity, Defendant Most in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT IV**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST**
**DEFENDANT CITY OF FLORISSANT, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

143.    Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Basis of Municipal Liability**

**Delegation to Defendant Gerwitz and Defendant Smith**

144.    As the first basis for liability against Defendant City of Florissant, the policy maker for Defendant City of Florissant is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Gerwitz to make policy.

145.    The delegation of authority by the actual policy maker of Defendant City of Florissant placed Defendant Gerwitz in a policy making position, and acts of Defendant City of Florissant to liability for the constitutional violations committed by Defendant Gerwitz.

146.    As the first basis for liability against Defendant City of Florissant, the policy maker for Defendant City of Florissant is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Smith to make policy.

147.    The delegation of authority by the actual policy maker of Defendant City of Florissant placed Defendant Smith in a policy making position, and acts of Defendant City of

Florissant to liability for the constitutional violations committed by Defendant Smith.

### 2nd Basis of Municipal Liability – Failure to Train, Supervise, Control

148.    As the second basis for liability against Defendant City of Florissant, Defendant City of Florissant failed to properly hire, train, supervise, control and/or discipline Defendant Gerwitz.

149.    As the second basis for liability against Defendant City of Florissant, Defendant City of Florissant failed to properly hire, train, supervise, control and/or discipline Defendant Smith.

150.    Defendant City of Florissant was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Gerwitz, such that those failures reflected a deliberate or conscious choice by Defendant City of Florissant[14].

151.    Defendant City of Florissant was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Smith, such that those failures reflected a deliberate or conscious choice by Defendant City of Florissant[15].

152.    Those deficiencies caused Plaintiffs damages[16].

153.    In light of the fact that it was Defendant Gerwitz who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Florissant can reasonably be said to have been deliberately indifferent to the need[17].

154.    In light of the fact that it was Defendant Smith who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Florissant can

---

[14] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[15] Id.
[16] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[17] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

reasonably be said to have been deliberately indifferent to the need[18].

155.    If Defendant City of Florissant had properly hired, trained, supervised, controlled and/or disciplined Defendant Gerwitz, the constitutional violations committed by Defendant Gerwitz would not have occurred.

156.    If Defendant City of Florissant had properly hired, trained, supervised, controlled and/or disciplined Defendant Smith, the constitutional violations committed by Defendant Smith would not have occurred.

157.    These failures by Defendant City of Florissant to hire, train, supervise, control and/or discipline Defendant Gerwitz subject Defendant City of Florissant to liability for the constitutional violations committed by Defendant Gerwitz.

158.    These failures by Defendant City of Florissant to hire, train, supervise, control and/or discipline Defendant Smith subject Defendant City of Florissant to liability for the constitutional violations committed by Defendant Smith.

### 3rd Basis of Municipal Liability – Pattern of Transgressions

159.    As the third basis for liability against Defendant City of Florissant, the acts of Defendant Gerwitz were part of a pattern of transgressions, of which Defendant City of Florissant knew or should have known.

160.    As the third basis for liability against Defendant City of Florissant, the acts of Defendant Smith were part of a pattern of transgressions, of which Defendant City of Florissant knew or should have known.

161.    The failure of Defendant City of Florissant to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of Florissant to condone or otherwise tolerate such

---

[18] Id.

constitutional violations.

162.    Defendant City of Florissant thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue.

163.    There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[19].

164.    Defendant City of Florissant's failure amounted to deliberate indifference to the rights of persons with whom Defendant Gerwitz came in contact, particularly including Decedent Abayomi.

165.    Defendant City of Florissant's failure amounted to deliberate indifference to the rights of persons with whom Defendant Smith came in contact, particularly including Decedent Abayomi.

166.    Those failures by Defendant City of Florissant to act proactively to prevent these constitutional violations subject Defendant City of Florissant to liability for the constitutional violations committed by Defendant Gerwitz.

167.    Those failures by Defendant City of Florissant to act proactively to prevent these constitutional violations subject Defendant City of Florissant to liability for the constitutional violations committed by Defendant Smith.

168.    Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant City of Florissant.

### Attorney's Fees

169.    Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and

---

[19] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Florissant, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT V**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST**
**DEFENDANT ST. LOUIS COUNTY, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

170.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Basis of Municipal Liability**

**Delegation to Defendant Lasater, Defendant Percich, Defendant Hokamp**

**and Defendant Most**

171.     As the first basis for liability against Defendant St. Louis County, the policy maker for Defendant St. Louis County is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Lasater to make policy.

172.     The delegation of authority by the actual policy maker of Defendant St. Louis County placed Defendant Lasater in a policy making position, and acts of Defendant St. Louis County to liability for the constitutional violations committed by Defendant Lasater.

173.     As the first basis for liability against Defendant St. Louis County, the policy maker for Defendant St. Louis County is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Percich to make policy.

174.     The delegation of authority by the actual policy maker of Defendant St. Louis County placed Defendant Percich in a policy making position, and acts of Defendant St. Louis

20

County to liability for the constitutional violations committed by Defendant Percich.

175.    As the first basis for liability against Defendant St. Louis County, the policy maker for Defendant St. Louis County is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Hokamp to make policy.

176.    The delegation of authority by the actual policy maker of Defendant St. Louis County placed Defendant Hokamp in a policy making position, and acts of Defendant St. Louis County to liability for the constitutional violations committed by Defendant Hokamp.

177.    As the first basis for liability against Defendant St. Louis County, the policy maker for Defendant St. Louis County is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Most to make policy.

178.    The delegation of authority by the actual policy maker of Defendant St. Louis County placed Defendant Most in a policy making position, and acts of Defendant St. Louis County to liability for the constitutional violations committed by Defendant Most.

**2nd Basis of Municipal Liability – Failure to Train, Supervise, Control**

179.    As the second basis for liability against Defendant St. Louis County, Defendant St. Louis County failed to properly hire, train, supervise, control and/or discipline Defendant Lasater.

180.    As the second basis for liability against Defendant St. Louis County, Defendant St. Louis County failed to properly hire, train, supervise, control and/or discipline Defendant Percich.

181.    As the second basis for liability against Defendant St. Louis County, Defendant St. Louis County failed to properly hire, train, supervise, control and/or discipline Defendant Hokamp.

182.    As the second basis for liability against Defendant St. Louis County, Defendant St. Louis County failed to properly hire, train, supervise, control and/or discipline Defendant Most.

183.    Defendant St. Louis County was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline

Defendant Lasater, such that those failures reflected a deliberate or conscious choice by Defendant St. Louis County[20].

184.    Defendant St. Louis County was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Percich, such that those failures reflected a deliberate or conscious choice by Defendant St. Louis County[21].

185.    Defendant St. Louis County was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Hokamp, such that those failures reflected a deliberate or conscious choice by Defendant St. Louis County[22].

186.    Defendant St. Louis County was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Most, such that those failures reflected a deliberate or conscious choice by Defendant St. Louis County[23].

187.    Those deficiencies caused Plaintiffs damages[24].

188.    In light of the fact that it was Defendant Lasater who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant St. Louis County can reasonably be said to have been deliberately indifferent to the need[25].

189.    In light of the fact that it was Defendant Percich who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the

---

[20] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[21] Id.
[22] Id.
[23] Id.
[24] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[25] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

violation of constitutional rights, that the policymakers of Defendant St. Louis County can reasonably be said to have been deliberately indifferent to the need[26].

190.    In light of the fact that it was Defendant Hokamp who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant St. Louis County can reasonably be said to have been deliberately indifferent to the need[27].

191.    In light of the fact that it was Defendant Most who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant St. Louis County can reasonably be said to have been deliberately indifferent to the need[28].

192.    If Defendant St. Louis County had properly hired, trained, supervised, controlled and/or disciplined Defendant Lasater, the constitutional violations committed by Defendant Lasater would not have occurred.

193.    If Defendant St. Louis County had properly hired, trained, supervised, controlled and/or disciplined Defendant Percich, the constitutional violations committed by Defendant Percich would not have occurred.

194.    If Defendant St. Louis County had properly hired, trained, supervised, controlled and/or disciplined Defendant Hokamp, the constitutional violations committed by Defendant Hokamp would not have occurred.

195.    If Defendant St. Louis County had properly hired, trained, supervised, controlled and/or disciplined Defendant Most, the constitutional violations committed by Defendant Most would not have occurred.

196.    These failures by Defendant St. Louis County to hire, train, supervise, control and/or

---

[26] Id.
[27] Id.
[28] Id.

23

discipline Defendant Lasater subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Lasater.

197.    These failures by Defendant St. Louis County to hire, train, supervise, control and/or discipline Defendant Percich subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Percich.

198.    These failures by Defendant St. Louis County to hire, train, supervise, control and/or discipline Defendant Hokamp subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Hokamp.

199.    These failures by Defendant St. Louis County to hire, train, supervise, control and/or discipline Defendant Most subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Most.

### 3rd Basis of Municipal Liability – Pattern of Transgressions

200.    As the third basis for liability against Defendant St. Louis County, the acts of Defendant Lasater were part of a pattern of transgressions, of which Defendant St. Louis County knew or should have known.

201.    As the third basis for liability against Defendant St. Louis County, the acts of Defendant Percich were part of a pattern of transgressions, of which Defendant St. Louis County knew or should have known.

202.    As the third basis for liability against Defendant St. Louis County, the acts of Defendant Hokamp were part of a pattern of transgressions, of which Defendant St. Louis County knew or should have known.

203.    As the third basis for liability against Defendant St. Louis County, the acts of Defendant Most were part of a pattern of transgressions, of which Defendant St. Louis County knew or should have known.

204.    The failure of Defendant St. Louis County to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant St. Louis County to condone or otherwise tolerate such constitutional violations.

205.    Defendant St. Louis County thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue.

206.    There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[29].

207.    Defendant St. Louis County's failure amounted to deliberate indifference to the rights of persons with whom Defendant Lasater came in contact, particularly including Decedent Abayomi.

208.    Defendant St. Louis County's failure amounted to deliberate indifference to the rights of persons with whom Defendant Percich came in contact, particularly including Decedent Abayomi.

209.    Defendant St. Louis County's failure amounted to deliberate indifference to the rights of persons with whom Defendant Hokamp came in contact, particularly including Decedent Abayomi.

210.    Defendant St. Louis County's failure amounted to deliberate indifference to the rights of persons with whom Defendant Most came in contact, particularly including Decedent Abayomi.

211.    Those failures by Defendant St. Louis County to act proactively to prevent these constitutional violations subject Defendant St. Louis County to liability for the constitutional

---

[29] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

violations committed by Defendant Lasater.

212.    Those failures by Defendant St. Louis County to act proactively to prevent these constitutional violations subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Percich.

213.    Those failures by Defendant St. Louis County to act proactively to prevent these constitutional violations subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Hokamp.

214.    Those failures by Defendant St. Louis County to act proactively to prevent these constitutional violations subject Defendant St. Louis County to liability for the constitutional violations committed by Defendant Most.

215.    Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant St. Louis County.

<strong>Attorney's Fees</strong>

216.    Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant St. Louis County, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

<strong>COUNT VI<br>VIOLATION OF CIVIL RIGHTS<br>42 U.S.C. § 1983, <em>RESPONDEAT SUPERIOR</em> AGAINST<br>DEFENDANT CITY OF FLORISSANT, MISSOURI<br>FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES</strong>

217.    Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

218.    At all relevant times Defendant Gerwitz was serving as an employee of Defendant City of Florissant as a police officer.

219.    At all relevant times Defendant Gerwitz was engaging in a government function.

220.    At all relevant times Defendant Gerwitz was acting within the course and scope of that employment.

221.    Defendant City of Florissant is liable under a theory of *respondeat superior*[30].

222.    The actions of Defendant Smith caused Decedent Abayomi to suffer the damages outlined herein.

223.    At all relevant times Defendant Smith was serving as an employee of Defendant City of Florissant as a police officer.

224.    At all relevant times Defendant Smith was engaging in a government function.

225.    At all relevant times Defendant Smith was acting within the course and scope of that employment.

226.    Defendant City of Florissant is liable under a theory of *respondeat superior*[31].

227.    The actions of Defendant Smith caused Decedent Abayomi to suffer the damages outlined herein.

### Compensatory Damages

228.    Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant City of Florissant.

### Attorney's Fees

229.    Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and

---

[30] Plaintiffs make this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).
[31] Plaintiffs make this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).

costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Florissant, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
## DEFENDANT ST. LOUIS COUNTY, MISSOURI
## FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

230.    Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

231.    At all relevant times Defendant Lasater was serving as an employee of Defendant St. Louis County as a detective.

232.    At all relevant times Defendant Lasater was engaging in a government function.

233.    At all relevant times Defendant Lasater was acting within the course and scope of that employment.

234.    Defendant St. Louis County is liable under a theory of *respondeat superior*[32].

235.    The actions of Defendant Lasater caused Decedent Abayomi to suffer the damages outlined herein.

236.    At all relevant times Defendant Percich was serving as an employee of Defendant St. Louis County as a detective.

237.    At all relevant times Defendant Percich was engaging in a government function.

238.    At all relevant times Defendant Percich was acting within the course and scope of that employment.

---

[32] Plaintiffs make this claim based on the dissent of Justice Breyer in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 416 (1997).

239. Defendant St. Louis County is liable under a theory of *respondeat superior*[33].

240. The actions of Defendant Percich caused Decedent Abayomi to suffer the damages outlined herein.

241. At all relevant times Defendant Hokamp was serving as an employee of Defendant St. Louis County as a detective.

242. At all relevant times Defendant Hokamp was engaging in a government function.

243. At all relevant times Defendant Hokamp was acting within the course and scope of that employment.

244. Defendant St. Louis County is liable under a theory of *respondeat superior*[34].

245. The actions of Defendant Hokamp caused Decedent Abayomi to suffer the damages outlined herein.

246. At all relevant times Defendant Most was serving as an employee of Defendant St. Louis County as a detective.

247. At all relevant times Defendant Most was engaging in a government function.

248. At all relevant times Defendant Most was acting within the course and scope of that employment.

249. Defendant St. Louis County is liable under a theory of *respondeat superior*[35].

250. The actions of Defendant Most caused Decedent Abayomi to suffer the damages outlined herein.

**Compensatory Damages**

251. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory

[33] Plaintiffs make this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).
[34] Plaintiffs make this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).
[35] Plaintiffs make this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).

damages against Defendant St. Louis County.

## Attorney's Fees

252.     Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant St. Louis County, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## SUPPLEMENTAL MISSOURI STATE CLAIMS

## COUNT VIII
## WRONGFUL DEATH
## AGAINST DEFENDANT ANDREW GERWITZ AND DEFENDANT JOSHUA SMITH
## FOR COMPENSATORY DAMAGES

253.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

254.     Plaintiffs A.A. and K.A. bring this wrongful death action as the surviving natural children of Decedent Abayomi pursuant to R.S.Mo. § 537.080(1), the Missouri wrongful death statute.

255.     Defendant Gerwitz and Defendant Smith owed Decedent Abayomi a non-delegable duty to use reasonable care in arresting Decedent Abayomi.

256.     Defendant Gerwitz and Defendant Smith failed to perform their duty of using reasonable care in arresting Decedent Abayomi.

257.     Defendant Gerwitz and Defendant Smith unjustifiably shot and killed Decedent Abayomi.

258.     As a direct and proximate result of Defendant Gerwitz and Defendant Smith's failure to perform their duty of reasonable care in arresting Decedent Abayomi, Decedent

Abayomi lost his life.

259.    It was reasonably foreseeable that harm would befall Decedent Abayomi either directly or indirectly as a result of the actions of Defendant Gerwitz and Defendant Smith in shooting Decedent Abayomi.

WHEREFORE, Plaintiffs pray for such sums as are fair and reasonable in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as actual damages against Defendant Andrew Gerwitz and Defendant Joshua Smith and an additional sum as is fair and reasonable for damages for the aggravating circumstances attending the death of Decedent Afolabi "Alan" Abayomi, together with their costs herein expended plus prejudgment interest.

**COUNT IX**
**ASSAULT**
**AGAINST DEFENDANT ANDREW GERWITZ AND DEFENDANT JOSHUA SMITH**
**FOR COMPENSATORY AND PUNITIVE DAMAGES, AND**
**AGAINST DEFENDANT CITY OF FLORISSANT, MISSOURI**
**FOR COMPENSATORY DAMAGES ONLY**

260.    Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

261.    Defendant Gerwitz' shooting Decedent Abayomi constituted an assault[36].

262.    Defendant Smith's shooting Decedent Abayomi constituted an assault[37].

263.    Defendant Gerwitz' shooting Decedent Abayomi was unlawful and unjustified.

264.    Defendant Smith's shooting Decedent Abayomi was unlawful and unjustified.

265.    Defendant Gerwitz had the apparent present ability to injure Decedent Abayomi and to complete the assault (and did in fact injure Decedent Abayomi).

266.    Defendant Smith had the apparent present ability to injure Decedent Abayomi and to complete the assault (and did in fact injure Decedent Abayomi).

---

[36] Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. Ct. App. 2001).
[37] Id.

267.    Decedent Abayomi sustained damages as a result of the assault[38].

268.    Plaintiffs are entitled to compensatory and punitive damages for assault against Defendant Gerwitz.

269.    Plaintiffs are entitled to compensatory and punitive damages for assault against Defendant Smith.

270.    At the time of the assault of Decedent Abayomi, Defendant Gerwitz was ostensibly acting (even though improperly) to benefit his employer's policing function.

271.    At the time of the assault of Decedent Abayomi, Defendant Smith was ostensibly acting (even though improperly) to benefit his employer's policing function.

272.    Defendant Gerwitz' actions were therefore within the scope of his employment.

273.    Defendant Smith's actions were therefore within the scope of his employment.

274.    Defendant City of Florissant is therefore liable under a theory of *respondeat superior*[39].

WHEREFORE, Plaintiffs pray for judgment for assault against Defendant Andrew Gerwitz in his individual capacity for compensatory damages in a fair and reasonable amount, against Defendant Joshua Smith in his individual capacity for compensatory damages in a fair and reasonable amount for punitive damages and for costs, and prays for judgment for assault against Defendant City of Florissant, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiffs pray for such other relief this Court deems just and proper under the circumstances.

---

[38] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[39] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

**COUNT X**
**BATTERY**
**AGAINST DEFENDANT ANDREW GERWITZ AND DEFENDANT JOSHUA SMITH**
**FOR COMPENSATORY AND PUNITIVE DAMAGES, AND**
**AGAINST DEFENDANT CITY OF FLORISSANT, MISSOURI**
**FOR COMPENSATORY DAMAGES ONLY**

275.    Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

276.    Defendant Gerwitz' shooting Decedent Abayomi constituted battery[40].

277.    Defendant Smith's shooting Decedent Abayomi constituted battery[41].

278.    Defendant Gerwitz' shooting Decedent Abayomi was unlawful and unjustified.

279.    Defendant Smith's shooting Decedent Abayomi was unlawful and unjustified.

280.    Decedent Abayomi sustained damages as a result of the battery[42].

281.    Plaintiffs are entitled to compensatory and punitive damages for battery against Defendant Gerwitz.

282.    Plaintiffs are entitled to compensatory and punitive damages for battery against Defendant Smith.

283.    At the time of the battery of Decedent Abayomi, Defendant Gerwitz was ostensibly acting (even though improperly) to benefit his employer's policing function.

284.    At the time of the battery of Decedent Abayomi, Defendant Smith was ostensibly acting (even though improperly) to benefit his employer's policing function.

285.    Defendant Gerwitz' actions were therefore within the scope of his employment.

286.    Defendant Smith's actions were therefore within the scope of his employment.

287.    Defendant City of Florissant is therefore liable under a theory of *respondeat*

---

[40] Armoneit, 59 S.W.3d at 632.
[41] Id.
[42] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).

*superior*[43].

WHEREFORE, Plaintiffs pray for judgment for battery against Defendant Andrew Gerwitz in his individual capacity for compensatory damages in a fair and reasonable amount, against Defendant Joshua Smith in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for battery against Defendant City of Florissant, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiffs pray for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
     James W. Schottel, Jr.   #51285MO
     906 Olive St., PH
     St. Louis, MO 63101
     (314) 421-0350
     (314) 421-4060 facsimile
     jwsj@schotteljustice.com

     Attorney for Plaintiffs
     A.A.
     K.A.

---

[43] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).