UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.A. and K.A., by and through next friend Tamonique Grady, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:15-CV-523 (CEJ) ) |
| CITY OF FLORISSANT, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant City of Florissant to dismiss Counts IV and VI of plaintiffs' complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs have filed a response in opposition and the issues are fully briefed.

**I.    Background**

Plaintiffs are the minor children of Afolabi Abayomi, who died on October 20, 2013, from gunshot wounds he suffered while sitting in his car in front of his residence in St. Louis County. Plaintiffs allege that Florissant police officers Andrew Gerwitz and Joshua Smith fired their weapons at Mr. Abayomi. They further allege that Mr. Abayomi's residence was unlawfully searched by St. Louis County detectives Tom Lasater, Joe Percich, Patrick Hokamp and Chris Most. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, asserting claims of excessive force, unreasonable search and seizure, and conspiracy. Plaintiffs also assert Missouri state law claims of wrongful death, assault, and battery.

The plaintiffs' § 1983 claims against the City of Florissant are set forth in Counts IV and VI. The claims are based on the theories of municipal liability and *respondeat superior*

## II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. **Discussion**

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, rather than facts that are merely consistent with such a right. Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (internal quotation and citations omitted). While a plaintiff need not set forth "detailed factual allegations," or "specific facts" that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Id. (citations omitted).

### A. Count IV: Policy, Custom and Failure to Train

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013) (citing Monell, 436 U.S. at 690-91 and City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). Plaintiffs assert that Florissant is liable for the actions of defendants Gerwitz and Smith because the city: (1) delegated policy-making authority to the Gerwitz and Smith; (2) had a policy or custom of failing to act on a pattern of transgressions; and (3) failed to properly hire, train, supervise, control and/or discipline Gerwitz and Smith.

### 1. Delegation of policy-making authority

Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). "[T]he authority to make municipal

3

policy is necessarily the authority to make final policy." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority. Pembaur, 475 U.S. at 483.

Plaintiffs allege that the policy makers for Florissant are "an aldermanic board, the mayor, or someone else and that person delegated full authority and/or empowered" Gerwitz and Smith to make policy. Complaint, ¶¶144, 146 [Doc. #1]. They further allege that Florissant's delegation of authority placed Gerwitz and Smith in "policy-making positions," with the result that the city is liable for unconstitutional acts of the individual defendants. Id. at ¶¶145, 147.

Defendant argues that plaintiffs' conclusory allegations and formulaic recitation of the elements of their claims are not sufficient to state a claim for relief. Plaintiffs counter that the Supreme Court has rejected any heightened pleading requirement for claims against a governmental entity. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). More recently, however, the Supreme Court has held that in order to survive a motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Considering this pleading standard, in order to state a viable § 1983 claim against Florissant, plaintiffs are required to plead facts sufficient to support "at least an inference that their constitutional rights were violated as a result of action taken as a result of a delegation of authority." A.J. ex rel. Dixon v. Tanksley, No. 4:13-CV-1514 CAS, 2014 WL 1648790, at *7 (E.D. Mo. Apr. 24, 2014) (citations omitted). Plaintiffs plead no facts at all and thus have failed to meet this standard.

4

## 2. Pattern of transgressions

Plaintiffs alternatively allege that Florissant is liable because there was a pattern of transgressions of which it should have known.

"Governmental liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the [entity] as to constitute a 'custom or usage' with the force of law." Id. (quoting McGautha v. Jackson Cnty., Mo., Collections Dep't, 36 F.3d 53, 56 (8th Cir. 1994)). "[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." Id. (quoting Jenkins v. County of Hennepin, Minn., 557 F.3d 628, 634 (8th Cir. 2009)). Here, plaintiffs allege that the actions of the individual defendants "were part of a pattern of transgressions, of which [the City] knew or should have known." Complaint, ¶¶159-69. Florissant's failure "to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein," establishes a policy "to condone or otherwise tolerate such constitutional violations." Id. at ¶161. Plaintiffs allege that Florissant "thus had a 'policy or custom' of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so 'persistent and widespread' as to have the effect and force of law." Id. at ¶162.

Plaintiffs have not alleged any facts to support this theory of liability. They have not identified any other transgressions that have occurred, nor do they state how Florissant addressed or failed to address any other transgressions. In the absence of any factual allegations to support the existence of an unconstitutional

5

policy or custom, there is no basis upon which to hold Florissant liable under § 1983. Id. at *9. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Here, plaintiffs merely recite the elements of a § 1983 claim against Florissant with no factual basis for holding it liable. See also A.J, 2014 WL 1648790, at *9 (dismissing identically worded claims against St. Louis Board of Police Commissioners).

### 3. Failure to train

Plaintiffs also allege that Florissant is liable because it failed to properly hire, train, supervise, control or discipline Gerwitz and Smith.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 131 S Ct. 1350, 1359 (2011) (citation omitted). In order to state a claim under § 1983, a municipality's "failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' Only then 'can such a shortcoming be properly thought of as a . . . policy or custom that is actionable under § 1983.'" Id. at 1359-60 (quoting City of Canton, 489 U.S. at 388). Therefore, "when . . . policymakers are on actual or constructive notice that a

6

particular omission in their training program causes . . . employees to violate citizens' constitutional rights, the [municipality] may be deemed deliberately indifferent if the policymakers choose to retain that program." Id. at 1360. The municipality's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the [municipality] itself to violate the Constitution." Id.

Here, plaintiffs allege that Florissant was "deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline" the individual defendants, "such that those failures reflected a deliberate or conscious choice" and "the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." Complaint, ¶¶150-51; 153-54. As with their other theories of municipal liability, plaintiffs make only conclusory recitations of the elements of a claim based on failure to train, supervise, control or discipline the individual defendants. The complaint is devoid of any facts relating to this theory of liability which, if proven, would support the claim against Florissant. Count IV will therefore be dismissed.

      **B.**    **Count VI:** *Respondeat Superior*

In Count VI, plaintiffs seek to hold defendant Florissant liable for the alleged 14th Amendment violations based on the theory of *respondeat superior*. Although the Supreme Court has "held that a municipality is a 'person' that can be liable under § 1983," it is well established "that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." Szabla

v. City of Brooklyn Park, Minn., 486 F.3d 385, 389 (8th Cir. 2007) (citing Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978)). Plaintiffs acknowledge that their *respondeat superior* claim against Florissant cannot be sustained and, therefore, Count VI will be dismissed.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant City of Florissant to dismiss Counts IV and VI of the complaint [Doc. #20] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2015.